UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cr-239-JMS-DML |
| | ) | |
| DAVID M. BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

In August 2017, this Court sentenced David Bennett to 33 months' imprisonment after he pleaded guilty to one count of unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). [Filing No. 50.] In March 2019, he filed a *pro se* Motion asking the Court to order that his sentence run concurrently with another sentence he was serving following the revocation of his parole in a separate case in state court. [Filing No. 52.] The Court denied the motion. [Filing No. 51.] Mr. Bennett has now written a letter, which the Court has construed as a Motion for Jail Time Credit. [Filing No. 56.] That Motion is now ripe for the Court's review.

In the Motion, Mr. Bennett states that the Bureau of Prisons ("BOP") has informed him that he does not have any credit time, despite the fact that he "strongly know[s]" that the Court awarded him "close to 13 months of jail credit time" at sentencing. [Filing No. 56 at 1.] The Government responds that the Motion should be denied because: (1) nothing in the written judgment supports Mr. Bennett's assertion that the Court awarded him credit time at sentencing; (2) the United States Supervisory Probation Officer who appeared at sentencing found nothing in her notes to indicate that such time was awarded or recommended; and (3) Mr. Bennett has

provided nothing to indicate that the BOP, which has the responsibility of calculating credit time, has improperly calculated his sentence. [Filing No. 58 at 2-3.]

As the Government correctly states, it is the BOP—not the District Court—that is tasked with calculating and awarding credit for time served. *See United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("The district court had no authority to order the BOP to give [the defendant] the credit because that authority rests exclusively with the BOP."). The Court did not award Mr. Bennett jail time credit at sentencing and could not have done so. To the extent that he intends to assert that the BOP erroneously calculated his sentence, Mr. Bennett has not identified any period of prior custody that was required to be credited against his sentence, nor has he provided any evidence showing that an error was made. *See* 18 U.S.C. § 3585(b) (establishing the rule for credit for prior custody). To the extent that he intends to assert that his federal sentence should be run concurrently to his state sentence, the Court has already denied such request. [Filing No. 55].

*United States v. Wilson*, 503 U.S. 329, 334-35 (1992), explains that the responsibility to compute a federal sentence lies with the federal Bureau of Prisons. A challenge to the computation, if made at all, should be asserted through an action for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241(c)(3) naming the defendant's custodian as respondent. Such an action can only be filed after administrative remedies have been exhausted, and could only properly be brought in the district of the defendant's confinement.

Accordingly, Mr. Bennett's Motion for Jail Time Credit, [56], is **DENIED**.

Date: 9/10/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**

**<u>Distribution via U.S. Mail to:</u>**
David Bennett
#15419-028
FCI Terre Haute – K Unit
P.O. Box 33
Terre Haute, IN 47808